UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL ASMUS, an individual,

    Plaintiff

v

J.L. SPENCER TRUCKING, INC.,
an Ohio Corporation,

    Defendant.

Case No. 23-cv-726
Hon.

---

| | |
|---|---|
| SHAUN P. WILLIS (P62441) | JOHN T. EADS, III (P43815) |
| ARIC D. KASEL (P84713) | KAITLIN M. ZOLNA (P84005) |
| WILLIS LAW | GORDON REES SCULLY MANSUKHANI |
| Attorneys for Plaintiff | Attorneys for Defendant J.L. Spencer Trucking, Inc. |
| 491 W. South Street | 37000 Woodward Ave, Suite 225 |
| Kalamazoo, MI 49007 | Bloomfield Hills, MI 48304 |
| (269) 492-1040 | (313) 756-6401 |
| spwillis@willis.law | johneads@grsm.com |
| akasel@willis.law | kzolna@grsm.com |

---

### DEFENDANT, J.L. SPENCER TRUCKING, INC.'S, ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND AS TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, J.L. Spencer Trucking, Inc., by and through its attorneys, John T. Eads, III, Kaitlin M. Zolna and Gordon Rees Scully Mansukhani, and in answer to Plaintiff's Complaint state as follows:

1. Plaintiff is a resident of the County of Kalamazoo and State of Michigan.

**ANSWER:** In answer to paragraph 1, Defendant, J.L. Trucking, Inc., neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

2. Defendant J.L. Trucking is an Ohio corporation with a registered address of 10832 Ohio 118, Ansonia, OH 45303 (hereinafter referred to as "Defendant").

**ANSWER:** In answer to paragraph 2, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

3. Venue is proper in this Court pursuant to MCL § 600.1621(a) because Defendant conducts business in Calhoun County and pursuant to MCL § 600.1629(1)(a) because the injury occurred in Calhoun County.

**ANSWER:** In answer to paragraph 3, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

4. This Court has jurisdiction pursuant to MCR 2.605(A)(2), MCL § 600.715(2) and MCL § 600.605, as there is an actual controversy within this Court's jurisdiction necessitation a declaration of legal rights between the parties, the action for tort occurred within Michigan while Defendant was conducting business, and the amount in controversy exceeds twenty-five thousand dollars ($25,000.00), exclusive of interest and costs.

**ANSWER:** In answer to paragraph 4, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

5. At all relevant times, Defendant was the sole owner of the 2015 Peterbuilt Semitruck (hereinafter the "Semitruck"), with vehicle identification number 1XPXD49X0FD256259, which was being driven by its employee Mr. Larry Oler (hereinafter "Defendant's Driver").

**ANSWER:** In answer to paragraph 5, Defendant denies the allegations contained therein as untrue, and therefore, Plaintiff is left to his strict proofs.

6. At all relevant times, Plaintiff was the sole owner of the 2017 Lexus four-door with vehicle identification number JTHBWIGGH2143798.

**ANSWER:** In answer to paragraph 6, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

## FACTUAL BACKGROUND

7. At approximately 10:14 a.m. on November 24, 2021, Mr. Asmus was traveling east bound on I-94 near Beadle Lake Road.

**ANSWER:** In answer to paragraph 7, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

8. Defendant's Driver was also driving eastbound on I-94, when he began to change lanes.

**ANSWER:** In answer to paragraph 8, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

9. Upon merging lanes, the Semitruck being operated by Defendant's Driver struck Plaintiff's vehicle in the right rear.

**ANSWER:** In answer to paragraph 9, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

10. This collision caused Plaintiff's vehicle to spin out of control, striking the guardrail barrier and the driver's side portion of the Semitruck.

**ANSWER:** In answer to paragraph 10, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

11. In a statement to the reporting officer, Defendant's Driver admitted that he was changing lanes from the inside lane to the right lane, and that he never saw Plaintiff's vehicle at the time of impact.

**ANSWER:** In answer to paragraph 11, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

12. As a result of the collision, Plaintiff sustained severe injuries, including two fractured vertebrae that required a Posterior Cervical Fusion on his second through fifth cervical vertebrae, an open reduction and internal fixation of the C3/4 dislocation, and segmental fixation, the insertion of screws into his C2, C3, C4 and C5 vertebrae, and rods in his C2 and C5 vertebrae, and Plaintiff now has permanent scarring on his neck.

**ANSWER:** In answer to paragraph 12, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

13. Prior to the accident, Plaintiff lived a very active life.

**ANSWER:** In answer to paragraph 13, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

14. After the accident, Plaintiff required around-the-clock in-home care to assist with daily tasks, such as toileting, transferring, bathing, dressing and cooking.

**ANSWER:** In answer to paragraph 14, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

15. As a result of the accident, Plaintiff fears the exacerbation of prior immune systems conditions and worries of the unknown symptoms that may arise following the accident.

**ANSWER:** In answer to paragraph 15, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

16. Plaintiff has general feelings of being less safe in the world, and is now hyper-aware of his surroundings, and has become fearful of driving.

**ANSWER:** In answer to paragraph 16, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

17. Plaintiff experiences more anger, anxiety and depression than prior to the accident.

**ANSWER:** In answer to paragraph 17, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

18. Plaintiff, as a result of those psychological difficulties, checked in to Pine Rest Christian Mental Health Services for a nine-day stay in their in-patient psychiatric hospital, followed by three-day participating in their out-patient facility.

**ANSWER:** In answer to paragraph 18, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

19. Prior to the accident, Plaintiff had never visited a psychiatric hospital for his anxiety and depression. This visit was the direct result of the accident.

**ANSWER:** In answer to paragraph 19, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

20. Plaintiff's family has noticed a seismic shift in his participation in family and friend activities, acknowledging that since the accident he is less energetic, less eager to interact with is grandchildren, does not hang out with his friend, and is noticeably quieter.

**ANSWER:** In answer to paragraph 20, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

21. As a result of the accident and his resulting injuries, Plaintiff can no longer participate in several activities he once enjoyed, and he now must deal with the daily challenges that result from the physical and psychological impairments stemming from this accident.

**ANSWER:** In answer to paragraph 21, Defendant neither admits nor denies the allegations for the reason that Defendant lacks sufficient information upon which to form a belief as to the truth thereof. Therefore, Plaintiff is left to his strict proofs.

## COUNT I – NEGLIGENCE

22. Plaintiff hereby alleges and incorporates by reference all prior allegations as though the same were more fully set forth herein.

**ANSWER:** In answer to paragraph 22, Defendant incorporates by reference its answers to paragraphs 1 through 21 of Plaintiff's Complaint.

    23.    Defendant, and Defendant's Driver, owed Plaintiff the following duties of care:

    a. to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance (MCL 257.627(1));
    b. not to operate the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others (MCL 257.626(2));
    c. to keep the vehicle constantly under control;
    d. to attempt to stop the vehicle when Defendant's Driver knew, or should have known, that failure to do so would result in injury to Plaintiff;
    e. to observe the highway in front of Defendant Driver's vehicle when Defendant's Driver knew, or should have known, that failure to observe Plaintiff's oncoming vehicle would endanger the life or property of other persons using the roadway; and,

**ANSWER:** In answer to paragraph 23 including subparagraphs (a) – (e), Defendant admits to certain duties that may have been owed as provided by Michigan law, but they lack sufficient information on which to form a belief as to whether the particular duties alleged were owed in this case. In answering further, Defendant denies breaching any duties as untrue, and therefore, Plaintiff is left to his strict proofs.

    24.    As a direct and proximate result of the breach of Defendant's Driver's duties, the collision occurred and the injuries stated in this complaint resulted.

**ANSWER:** In answer to paragraph 24, Defendant denies the allegations contained therein as untrue, and therefore, Plaintiff is left to his strict proofs

    25.    As a direct and proximate result of the negligence of Defendant's Driver, Plaintiff suffered serious injuries and may in the future suffer or may permanently suffer mental anguish, pain and suffering, injuries, and limitations, including serious impairment of bodily function or permanent or serious disfigurement and aggravation of any preexisting conditions. Plaintiff's damages include but are not limited to the following injuries:

      a. serious injuries to his neck and spine, as well as other related and appreciable difficulties, injuries, or consequences that have occurred, developed or aggravated any preexisting problem that might have existed;
      b. pain, suffering and mental anguish;
      c. other damages, injuries, and consequences that are found to be related to the automobile accident that developed during the course of discovery, to the extent that the damages are recoverable under the Michigan No-Fault Insurance Act.;

**ANSWER:** In answer to paragraph 25 including subparagraphs (a) – (c), Defendant denies the allegations contained therein as untrue, and therefore, Plaintiff is left to his strict proofs.

WHEREFORE, Defendant hereby respectfully requests that this Honorable Court dismiss Plaintiff's cause of action with prejudice and grant Defendant's costs, interest, and attorneys' fees so wrongfully incurred in the defense of this matter.

Respectfully submitted,

Gordon Rees Scully Mansukhani

/s/ *John T. Eads, III*
John T. Eads, III (P43815)
Kaitlin M. Zolna (P84005)
Attorneys for Defendant J.L. Spencer Trucking, Inc.
37000 Woodward Ave, Suite 225
Bloomfield Hills, MI 48304
Dated: July 5, 2023      (313) 756-6401

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant, J.L. Spencer Trucking, Inc., by and through its attorneys, John T. Eads, III, Kaitlin M. Zolna and Gordon Rees Scully Mansukhani, and for their Affirmative Defenses, state as follows:

1.  Defendant's driver complied with all the applicable rules, regulations, ordinances, and statutes.

2.  Defendant is entitled to any and all set-offs, deductions, and limitations applicable to the payment of personal protection insurance benefits provided for in the Michigan No-Fault Insurance Act. MCLA 500.3101 et seq., MSA 24.13101 et seq.

3.  Plaintiff's claims for mental anguish, embarrassment, and emotional distress are not recoverable under the Michigan No-Fault Insurance Act.

4.  The Defendant affirmatively avers that they complied with both the Motor Carrier Safety Improvement Act of 1999 pub. L. 106 – 159, and the Michigan Motor Vehicle Safety Act of 1963, Act 181 of 1963 in connection with all aspects of the occurrence in question.

5.  That to the extent that this matter is subject to Michigan law, the Defendant pleads all defenses under the Federal Motor Vehicle Safety Act, parts 40.1, et seq and 380.101, et seq., 390.1 et seq, 391.1 et seq, 392.1 et seq, 393.1 et seq, 395.1 et seq, 396.1 et seq, 397.1 et seq and 399.1 et seq regarding the Federal Motor Safety Regulations, since to the extent that any state laws pertain to commercial motor safety and interstate commerce is incompatible with those sections, it would have no effect under the facts and circumstances of this matter.

6.  That to the extent that the Court finds that the Michigan Motor Carrier Safety Act applies to the facts and circumstances of this case under MCL 257.7; MCL 480.11 et seq., then Defendant affirmatively avers that they complied with such regulations under the facts and circumstances of this case. However, Defendant object to any reference to CSA or general industry safety data as it pertains to these Defendants.

7.  The Defendant's driver affirmatively avers that his operational skills were in compliance with 49 CFR 383.113.

8. That at no time did Defendant violate 49 CFR, Section 383, and further, Defendant affirmatively avers that any permissive driver did obtain and had in effect, a driver's license, that he was in good physical health, that he was at least 21 years old, that his ability to operate the vehicle in question was appropriate, and that his driving record was good.

9. That Defendant affirmatively states that any permissive driver was medically qualified to operate the vehicle in question, and further, that a review of his qualification file revealed that he was properly certified and licensed to operate the vehicle in question.

10. That under 49 CFR, part 395, Defendant's permissive driver did operate the vehicle in question in compliance with this Act.

11. That the facts and circumstances may show that the requirements of 49 CFR, 395, were excused under the facts of this case due to adverse driving conditions, exigent circumstances, and the 100 Mile Radius Rule or other exceptions.

12. That all necessary testing in accordance with 49 CFR, Part 382, was conducted upon all permissive drivers in accordance with the regulations issued by the Department of Transportation and each test revealed negative results.

13. That the maintenance of the involved vehicle was conducted in accordance with 49 CFR, Part 392.

14. That Defendant complied with Part 393.95 regarding emergency equipment that was appropriately in place and ready for use.

15. That all of the equipment on the Defendant's vehicle complied with the Federal Safety Standards set forth in 49 CFR, 571.108, 49 CFR, 393.52 for brake performance, 49 CFR, 393.41 for parking brake systems and 49 CFR, 393.52 for emergency brake systems.

16. That all maintenance conducted upon the vehicle in question was the subject of systematic inspection, repair and maintenance, in accordance with 49 CFR, Part 396 and also Part 393.

17. That the Defendant compiled with any and all necessary written reports during the week in which the occurrence happened, as required under Part 396.

18. That Defendant was not carrying any hazardous materials, and, therefore, 49 CFR, Part 397 and Section 177.823 do not apply to the facts and circumstances of this case.

19. That Defendant hereby complied with each and every regulation under the Federal and Michigan Motor Carrier Act, MCL 475.1 et seq.

20. To the extent that any state adopted provisions of 49 CFR, Defendant's driver states that he did comply with all regulations in that regard.

21. That the Defendant's may have enjoyed certain exemptions from MCLA 480.12N, relating to applications for employment, investigations, inquires and road tests.

22. That the Plaintiff has failed to state a Cause of Action upon which relief may be granted as to this Defendant.

23. That Defendant's permissive driver may have been confronted by a sudden emergency, which was not due to any negligence of this Defendant, thus, there is no liability attributable to this Defendant.

24. That there were superseding and intervening conduct, negligence, and acts of others, including non-parties and/or the Plaintiff which was/were the proximate cause of the accident at issue. See MCL 600.2957.

24. That the comparative fault of Plaintiff may be greater than the aggregate fault of all other persons allegedly responsible for the subject incident, whether or not parties to the action, and, therefore, non-economic damages should not be awarded. MCLA 600.2959.

25. That Plaintiff's claims are barred in whole or in part of his failure to mitigate his damages.

26. The venue is improperly and inconveniently laid.

27. All economic benefits incurred by the Plaintiff within the three-year statutory period on and after the date of the subject incident, would be the responsibility of Plaintiff's automobile insurance company or the automobile insurance company which issued a policy to the Plaintiff or a resident relative(s) of Plaintiff. Further, Plaintiff may be entitled to workers compensation benefits which would limit Plaintiff's ability to recover damages from this Defendant.

28. Plaintiff was not ordinarily careful under the circumstances, and, to the extent that the trier of fact finds that he is more than 50 percent responsible for causing his own injuries, Plaintiff's claims for non-economic damages would be barred and his comparative fault would reduce his claims for excess economic damages.

29. All damages claimed by the Plaintiff is non-economic in nature and, therefore, because of each injuries Plaintiff's alleged injury claims do not satisfy the requirements of MCL 500.3135, his claims are barred because he may not have suffered a serious impairment of an important body function that affected his general ability to lead a normal life. Plaintiff has also not suffered a serious injury related to this accident. See MCL 500.3135.

30. That any and all damages that Plaintiff incurred, either economic or non-economic, would be limited under MCL 500.3101, et seq., and to the extent that he is claiming excess economic benefits for the first three years after the accident, or after the expiration of the three-year limitation, as provided for under the No-Fault Act. Defendant request all allowable set-offs.

31. Defendant request a set-off for all applicable economic benefits, including, but not limited to Social Security disability benefits, short and/or long-term disability benefits, supplemental

Social Security income, and any disability policy available to Plaintiff in which to payoff, credit card, mortgage, or any type of loan balances.

32. The Plaintiff's claims may be barred by MCLA 600.2955a because Plaintiff may have been under the influence of illicit drugs, alcohol, or a controlled substance, and the influence of those substances caused his injuries. This statute, if proven, is an absolute defense to all of Plaintiff's claims.

33. That Defendant reserves its rights to the full benefit and protection of any and all relevant portions of the Michigan Tort Reform Act, including but not limited to MCL 600.1483 through MCL 600.6455, inclusive.

34. Plaintiff's claims may be barred due to federal preemption under the Federal Aviation Administration Authorization Act of 1994.

35. The Plaintiff may have been improperly restrained and/or failed to use a restraining device such as a seat belt with shoulder harness which bars and/or limits his respective recoveries per MCL 257.710e(8).

36. No inspection was required prior to operating the vehicle.

37. Plaintiff's claims are barred by the wrongful conduct rule.

38. The injuries may have been suffered intentionally or caused intentionally, and therefore, the claim for benefits may be barred by MCL 500.3105(4).

39. Plaintiff's claims for economic damages may be extinguished or limited by the Workers Disability Compensation Act, MCL 418.101 et seq. and/or the fact that they were retired and not providing financial support to anyone.

40. Plaintiff may have been operating a vehicle owned by him and uninsured; thus, Plaintiff's claims are barred pursuant to MCL 500.3135(2)(c).

41. Plaintiff's claims may be barred pursuant to waiver, release or discharge.

42. Defendant reserve the right to file such additional affirmative defenses as they may become known during the course of investigation and discovery.

Respectfully submitted,
Gordon Rees Scully Mansukhani

/s/ *John T. Eads, III*
John T. Eads, III (P43815)
Kaitlin M. Zolna (P84005)
Attorneys for Defendant J.L. Spencer Trucking, Inc.
37000 Woodward Ave, Suite 225
Bloomfield Hills, MI 48304
Dated: July 5, 2023   (313) 756-6401

## JURY DEMAND

NOW COMES Defendant, Defendant J.L. Spencer Trucking, Inc., by and through its attorneys, John T. Eads, Kaitlin M. Zolna and Gordon Rees Scully Mansukhani, and hereby makes a demand for trial by jury of each and every matter at issue in the above-captioned cause of action.

Respectfully submitted,
Gordon Rees Scully Mansukhani

/s/ *John T. Eads, III*
John T. Eads, III (P43815)
Kaitlin M. Zolna (P84005)
Attorneys for Defendant J.L. Spencer Trucking, Inc.
37000 Woodward Ave, Suite 225
Bloomfield Hills, MI 48304
Dated: July 5, 2023   (313) 756-6401

**PROOF OF SERVICE**
The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause, by USDC Western District E-Filing on July 5, 2023.
*/s/ Tameica R. Davis*
**TAMEICA R. DAVIS**